### SHAPIRO et al. v. ENGEL et al.

(District Court, E. D. New York. May 13, 1919.)

1. EQUITY ⚖=395—POWER OF MASTER—AMENDMENT OF PLEADINGS.

A master is without power to allow an amendment of the answer by setting up a counterclaim which enlarges the issues referred to him, which can only be done by the court.

2. EQUITY ⚖=283—AMENDMENT OF PLEADINGS—LACHES.

Amendment of an answer by setting up a counterclaim and asking a general accounting, which goes beyond the transactions in issue, will not be allowed, where application therefor is not made until the conclusion of a long hearing before a master and his report thereon.

In Equity. Suit by Isaac Shapiro and the American Union Line, Incorporated, against Joseph C. Engel and the Interchange, Limited. On exceptions to report of master, and motion to reopen hearing and allow amendment of answer. Report confirmed, and motion denied.

Butler, Wyckoff & Campbell, of New York City (Homer L. Loomis and Joseph A. Barrett, both of New York City, of counsel), for plaintiffs.

Thompson, Loughman & Bailey, of New York City (T. Langland Thompson and James S. Darcy, both of New York City, of counsel), for defendant Interchange, Limited.

CHATFIELD, District Judge. The issues have been passed upon by a master appointed to hear and report. He has found in favor

of the plaintiff upon the claim for delivery, by the defendants to the plaintiff Shapiro, of the capital stock of the American Union Line, Incorporated, pursuant to a contract between Shapiro and the defendant Interchange, Limited. He has found in favor of the defendant Interchange, Limited, as to certain items of the account between the parties, and has held that no account has been stated.

In his report the master has presented findings of fact and conclusions of law in connection with his general statement of the issues and his opinion thereon. An examination of the evidence shows that there is abundant testimony upon which the opinion of the master is based to support his findings and conclusions. In addition to this, there is nothing to indicate that the master drew erroneous conclusions upon the issues as presented, and the testimony leads the court to believe that the master's findings are correct.

There is no reason, therefore, to sustain any of the exceptions to the report, which will be confirmed, and decree in accordance therewith should go for the plaintiffs, except that an inadvertent statement that $125,000 was in the hands of the defendant Interchange, Limited, should be deemed corrected to read in the hands of the American Union Line, Limited.

[1] The situation has been complicated by the application, which was made before the master to amend the defendants' counterclaim and to include general allegations upon which to base charges of fraud against the plaintiff Shapiro, with a full accounting for all prior and subsequent dealings between the plaintiffs and the defendants.

The defendant Interchange, Limited, also asks that the stock of the American Union Line, Incorporated, shall be held impounded by the court until final judgment upon the claim of fraud and prayer for accounting. The master went, in the hearing before him, into the question of fraud and duress, but limited that inquiry to the particular and special contract sued upon, to the questions relating to the incorporation of the American Union Line, Incorporated, the disposition of the capital stock thereof, and the account up to the time of making the contract sued upon. He therefore held, properly, that a general accounting was unnecessary as a part of the issue on the trial before him. He also held, properly, that charges of fraud with respect to the general business relations of the defendants with the plaintiffs would not affect his determination upon the circumstances and results of the special contract in settlement of the claims relating to the American Union Line, Incorporated.

It is true that the master might have stopped the reference while the defendants applied to the court for leave to amend their pleadings and to enlarge the issues of the entire case by presenting as counterclaims, in which they asked for affirmative relief, all of the matters which are now presented; but the master committed no error in refusing to stop the trial before him, which had been pressed with diligence by both sides, and as to which the reference itself to the master was for the purpose of a speedy determination on the issues referred.

But the defendants did not then proceed, as they could have done, to apply to the court for any relief whatever. The master did not have

the power to allow such an amendment of the issues and the presentation of additional counterclaims, nor to allow, under equity rule 30 (198 Fed. xxvii, 115 C. C. A. xxvii), the presentation as counterclaims of matters which would ordinarily be the basis of a cross-suit or cross-bill in equity. Such application could be made only to the court.

[2] It must be concluded that if the defendants had general charges of fraud and deceit, other than those presented, and general rights for a complete accounting, which would result in their favor, they are guilty of laches in failing to apply to the court for the amendments necessary to bring those issues within the present action and to ask the court to halt the trial of the action until their rights could be protected. Instead of so doing, they have waited until the master has completed his testimony and made his report; they have waited until the motion to confirm the report has been brought on for hearing, and then they have presented an application asking that the entire proceeding before the master be rendered nugatory, the case reopened and much further taking of evidence and delay incurred by trying the issues which they now desire to present, in connection with the issues which have previously been heard and reported upon by the master. This relief is urged upon an order to show cause for leave to file an amended counterclaim, which sets up substantially the same defense of fraud which has been tried and adds thereto the allegations of their intended cross-bill.

Upon this motion they also ask for an adjournment of the hearing upon the master's report, and inferentially ask that the reference itself be opened in order to take the testimony of two witnesses, who were then under arrangement with the defendants' counsel to sail for this country on April 19, 1919. It is alleged that these witnesses could not previously obtain passports to come to the United States, because of matters connected with the European War. Upon the hearing, bad faith in the making of this application was definitely charged, and the plaintiff insisted that the two witnesses for the defendants did not intend to appear. The court, through ordinary accumulation of work, was unable to dispose of the matter upon the merits at once, before the date when these two witnesses should have reached America if they had sailed as represented. Upon inquiry by the court it has appeared, after urgent cablegrams by their attorney, that the men did not sail; but one of them then said that he would definitely sail for the United States upon the 2d of May, by the boat sailing on that date. That promise has now resulted in the appearance of this man upon the boat in question; but his testimony would add nothing to the issue disposed of herein.

The defendants have the right to bring an action for any cause not rendered res adjudicata by the trial already had, and to seek an accounting as to any matters which accrued subsequent to the contract in suit. If such action is brought, the defense of laches can be interposed; but, under the master's rulings on this reference, the Interchange, Limited, has not been precluded by equity rule 30 from seeking whatever relief they may be entitled to. Whether the stock of the American Union Line, Incorporated, should be impounded, or further

security exacted from either party (by way of attachment or order), can be disposed of in that action, and the defendant Interchange, Limited, will be amply protected if it proceeds with diligence.

The motion to reopen the trial of this action, and to include additional issues beyond those heard by the master, will be denied, without prejudice to the merits of any other action thereon. The exceptions will be overruled as above indicated and the report confirmed.

Let decree be entered accordingly.